WALTER L. TAYLOR *vs.* CHARLOTTE J. GORMAN.

*Decided April 10th, 1924.*

Appeal from the Superior Court of Baltimore City (STEIN, J.).

Action by Charlotte J. Gorman against Walter L. Taylor, in which a judgment by confession was entered in favor of plaintiff. From orders granting his motion to strike out the judgment, but on certain terms named, defendant appeals. Reversed.

The cause was argued, together with that next preceding, before THOMAS, PATTISON, URNER, ADKINS, OFFUTT, and DIGGES, JJ.

*Herbert B. Stimpson* and *Walter L. Taylor, Jr.,* for the appellant.

*Joseph S. Goldsmith,* for the appellee.

THOMAS, J., delivered the opinion of the Court.

By agreement of counsel this case and No. 32 Appeals of this Term were tried together in the lower court, and, as in No. 32 Appeals, this appeal is by the defendant from the orders of the court below, striking out a judgment by confession entered against him in favor of the appellee in the Superior Court of Baltimore City.

The note upon which the judgment was entered was for $6,250, and contained the same agreements on the part of the maker and endorsers as the notes referred to in No. 32 Appeals. The motion to strike out the judgment, the answer of the plaintiff, and the evidence in the case are the same as set out in the record in No. 32 Appeals.

The order passed in this case on July 27th, 1923, striking out the judgment, required the defendant to file a bond in the sum of $8,000, and the order of December 15th, 1923, required him, as the condition upon which the judgment should be stricken out, to file a bond in the penalty of $8,500, "if corporate surety is given, or thirteen thousand dollars if individual surety or sureties are given."

The evidence in the case shows that the note upon which the judgment was entered was a renewal of a note to the plaintiff for a like amount, but it does not appear from the evidence that the defendant was an endorser of the original note.

For the reasons stated in the opinion filed in No. 32 Appeals, we think the court below should have required the defendant, as the condition upon which the judgment should be stricken out, to enter an appearance in the case, and that the lien of said judgment should be preserved and retained, to secure the plaintiff from loss, should she recover at the trial of the case.

The orders appealed from in this case must, therefore, be reversed and cause remanded, in order that an order may be passed in accordance with the opinion of this Court.

> *Orders reversed, with costs, and case remanded in order that an order may be passed in accordance with the opinion of this Court.*